IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

PAUL M. ADAIR, JR.                                                                                        PLAINTIFF

        v.                                              CIVIL NO. 14-2029

CAROLYN W. COLVIN[1], Commissioner
Social Security Administration                                                                     DEFENDANT

## MEMORANDUM OPINION

Paul Adair, Junior, ("Plaintiff") brings this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his application for disability insurance benefits ("DIB") and supplemental security income ("SSI"). ECF No. 1. The Defendant filed an answer to Plaintiff's action on April 15, 2014, asserting that the findings of the Commissioner were supported by substantial evidence and were conclusive. ECF No. 11.

On August 14, 2014, the Commissioner, having changed positions, filed a motion requesting that Plaintiff's case be remanded pursuant to "sentence four" of section 405(g) in order to conduct further administrative proceedings. ECF Nos. 15, 16. The Commissioner requests that remand be granted to allow the ALJ to further address whether Plaintiff meets or equals the requirements of Listing 12.05 (now intellectual disability; formerly mental retardation). Specifically, he argues that the ALJ should address whether Plaintiff had significant deficits in adaptive functioning prior to age 22, and whether Plaintiff satisfies the requirements of Listing 12.05C. The Commissioner indicated

---

[1]Carolyn W. Colvin became the Social Security Commissioner on February 14, 2013. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Carolyn W. Colvin has been substituted for Commissioner Michael J. Astrue as the defendant in this suit.

that consideration should also be given to obtaining an additional consultative examination with IQ testing and medical expert and/or vocational expert testimony.

The exclusive methods by which a district court may remand a social security case to the Commissioner are set forth in "sentence four" and "sentence six" of 42 U.S.C. § 405(g). A remand pursuant to "sentence six" is limited to two situations: where the Commissioner requests a remand before answering the complaint, or where the court orders the Commissioner to consider new, material evidence that was for good cause not presented before the agency. The Fourth sentence of the statute provides that "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g); *Shalala v. Schaefer,* 509 U.S. 292, 296, 113 S.Ct. 2625 (1993).

Here, we find remand for the purpose of the ALJ to further evaluate the evidence as addressed above, appropriate. Therefore, we recommend that the Commissioner's motion to remand be **GRANTED** and the case remanded to the Commissioner for further administrative action pursuant to "sentence four" of section 405(g).

DATED this 14th day of August 2014.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE